J. PIETER VAN ES, ESQ., STATE BAR NO. 250524
PVANES@BANNERWITCOFF.COM
BANNER & WITCOFF, LTD.
10 SOUTH WACKER DRIVE,, SUITE 3000
CHICAGO, IL 60606
TELEPHONE: (312) 463-5000
FACSIMILE: (312) 463-5001

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVH, INC., <br><br> Plaintiff, <br><br> v. <br><br> NIKE, INC., ET AL., <br><br> Defendants. | CASE NO. CV09-04219 CAS (FFMx) <br><br> **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants, NIKE, Inc. ("NIKE") and The Finish Line, Inc. ("TFL") (collectively, "Defendants"), respond to Plaintiff's First Amended Complaint as follows:

## DEFENDANTS' ANSWER

### Jurisdiction and Venue

**Complaint ¶1**: Jurisdiction of the Court is invoked under 28 USC § 1338(a) as an action arising under Acts of Congress relating to copyrights and trademarks, namely, the Copyright Act of 1976, 17 USC § 101 et seq.  This Court has pendent jurisdiction over claims arising under state law pursuant to 28 USC § 1338(b) and 28 USC § 1367(a).

**Answer**: Defendants admit that, pursuant to 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Plaintiff's copyright claim, but Defendants deny infringement of any valid copyrights in this case.  Defendants deny that this Court

has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1338(b) because Plaintiff has not asserted a claim of unfair competition.  Defendants admit that, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any state law claims that are so related to Plaintiff's copyright claim that they form part of the same case or controversy, but Defendants deny that Plaintiff has asserted any such valid claims in this case.

**Complaint ¶2**: Venue is proper in the Central District of California pursuant to 28 USC §1391(b) and (c) as Defendants are corporations subject to personal jurisdiction in this District and are therefore deemed to reside here for purposes of venue.

**Answer:** Defendants do not contest venue in this District in this case.

## Facts

**Complaint ¶3**: Plaintiff, ELVH, Inc., is a corporation organized and doing business under the laws of the state of California.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 and, therefore, they are denied.

**Complaint ¶4**: Defendant Nike, Inc. ("Nike") is a corporation organized under the laws of Oregon but doing business throughout the entire United States.

**Answer:** NIKE admits that NIKE, Inc. is a corporation organized under the laws of Oregon.  NIKE admits that NIKE USA, Inc., a wholly-owned subsidiary of NIKE, Inc., does business in the United States.  NIKE denies the remaining allegations of paragraph 4.  TFL lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 and, therefore, they are denied.

**Complaint ¶5**: Defendant The Finish Line, Inc. ("TFL") is a corporation organized under the laws of Indiana but doing business throughout the entire United States.

**Answer:** TFL admits that The Finish Line, Inc. is a corporation organized under the laws of Indiana.  TFL admits that The Finish Line, Inc. does business in

the United States. TFL denies the remaining allegations of paragraph 5. NIKE lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 and, therefore, they are denied.

**Complaint ¶6**: Defendants sell and distribute athletic footwear and apparel throughout the entire United States.

**Answer:** Defendants admit that they sell and distribute athletic footwear and apparel in the United States. Defendants deny the remaining allegations of paragraph 6.

**Complaint ¶7**: Plaintiff is the owner of three copyright registrations: VAu505308, VAu544060, and VAu558125, true and correct copies of which are attached hereto as **Exhibits A-C**, respectively (collectively referred to as "Copyrighted Works").

**Answer:** Defendants admit that what appear to be copies of copyright registrations VAu505308, VAu544060, and VAu558125 are attached to Plaintiff's First Amended Complaint as Exhibits A-C. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 7 and, therefore, they are denied.

**Complaint ¶8**: On January 1, 2009, Plaintiff entered into a license agreement in which it granted the exclusive rights to incorporate the Copyrighted Works onto footwear.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 and, therefore, they are denied.

### First Claim For Relief
### (Copyright Infringement)

**Complaint ¶9**: Plaintiff repeats and realleges paragraphs 1-8 as though fully set forth herein.

**Answer:** Defendants repeat and reallege their answers to paragraphs 1-8 as though fully set forth herein.

1 **Complaint ¶10**: Plaintiff is the owner and proprietor of all right, title and interest in the Copyrighted Works.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 and, therefore, they are denied.

**Complaint ¶11**: The Copyrighted Works are comprised of wholly original material and have been deemed copyrightable subject matter under the copyright laws of the United States.

**Answer:** Defendants deny the allegations of Paragraph 11.

**Complaint ¶12**: With full knowledge of Plaintiff's rights therein, Nike has infringed and continues to infringe Plaintiff's Copyrighted Works by copying the Works onto footwear and then distributing and selling such infringing footwear throughout the United States, including through TFL's Finish Line retail stores. True and correct copies of photographs of the infringing footwear are attached hereto as **Exhibit D**. TFL has infringed and continues to infringe Plaintiff's Copyrighted Works by distributing and selling such infringing footwear throughout the United States. Such copying, distribution, and sale by Defendants was done without the consent, approval or license of Plaintiff.

**Answer:** Defendants admit that what appear to be copies of photographs of NIKE footwear are attached to Plaintiff's First Amended Complaint as Exhibit D. Defendants admit that they do not have any consent, approval or license from Plaintiff, but Defendants deny that any consent, approval or license from Plaintiff is necessary because Defendants have not infringed Plaintiff's alleged Copyrighted Works. Defendants deny the remaining allegations of Paragraph 12.

**Complaint ¶13**: Defendants' acts identified above violate Plaintiff's exclusive rights under §106 of the Copyright Act of 1976, 17 USC §106, and constitute infringements of its Copyrighted Works. Defendants' past and continuing copying, distribution and sales of its infringing footwear constitutes a willful and deliberate infringement of Plaintiff's rights and is causing irreparable harm and

damage to Plaintiff and its licensee.

**Answer:** Defendants deny the allegations of Paragraph 13.

### Second Claim For Relief

### (Constructive Trust)

**Complaint ¶14**: Plaintiff incorporates by reference as if set forth in full herein the allegations of Paragraph 1 through 13 of this Complaint.

**Answer:** Defendants incorporate by reference as if set forth in full herein their answers to the allegations of Paragraph 1 through 13 of this Complaint.

**Complaint ¶15**: By virtue of their wrongful conduct, Defendants illegally received money and profits that rightfully belonged to Plaintiff.

**Answer:** Defendants deny the allegations of Paragraph 15.

**Complaint ¶16**: Defendants are therefore involuntary trustees, holding the gross receipts from their product sales and revenues to the extent attributable to the Copyrighted Works and therefore attributable to the infringement of Plaintiff's copyright therein. Defendants hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

**Answer:** Defendants deny the allegations of Paragraph 16.

**Complaint ¶17**: Plaintiff is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Plaintiff's Copyrighted Works.

**Answer:** Defendants deny the allegations of Paragraph 17.

### Third Claim For Relief

### (For an Accounting)

**Complaint ¶18**: Plaintiff incorporates by reference as if set forth in full herein the allegations of Paragraph 1 through 13 of this Complaint.

**Answer:** Defendants incorporate by reference as if set forth in full herein their answers to the allegations of Paragraph 1 through 13 of this Complaint.

**Complaint ¶19**: Under 17 U.S.C. Section 504, Plaintiff may recover any and all profits of Defendants that are attributable to its acts of infringement.

**Answer:** Defendants admit that 17 U.S.C. § 504(b) provides that a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Defendants deny any infringement of Plaintiff's alleged Copyrighted Works, and Defendants deny that Plaintiff is entitled to recover any profits of Defendants in this case. Defendants deny the remaining allegations of Paragraph 19.

**Complaint ¶20**: A balance is due from Defendants to Plaintiff for misappropriation of profits and gross receipts arising from or attributable to Defendants' copying, exploitation, and use of the Copyrighted Works on footwear and consequent violation and infringement of Plaintiff's copyright in the Copyrighted Works.

**Answer:** Defendants deny the allegations of Paragraph 20.

**Complaint ¶21**: The exact amount of money due from Defendants is unknown to Plaintiff and can only be ascertained through an accounting. Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

**Answer:** Defendants deny that they owe Plaintiff any money. Defendants deny that Plaintiff is entitled to an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest. Defendants deny the remaining allegations of Paragraph 21.

### Prayer for Relief

Defendants deny that Plaintiff is entitled to any of the relief Plaintiff requests in its prayer for relief.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By alleging the separate and additional defenses set forth below, Defendants are not in anyway agreeing or conceding that Defendants have the burden of proof or the burden of persuasion on any of these issues. Defendants also reserve the right to amend their defenses to assert additional defenses that may be revealed during discovery.

### First Defense

Defendants have not, and do not, infringe Plaintiff's alleged Copyrighted Works.

### Second Defense

Plaintiff's alleged Copyrighted Works are invalid.

### Third Defense

Defendants independently, and in good faith, created the footwear accused of infringement in this case.

### Fourth Defense

Without admitting any liability, Defendants were not aware and had no reason to believe that their acts constituted an infringement of Plaintiffs' alleged Copyrighted Works.

### Fifth Defense

Without admitting any liability, to the extent Defendants are found to have used any alleged copyrighted material owned by Plaintiff, the alleged use is *de minimis*.

### Sixth Defense

Plaintiff's second claim for a constructive trust and third claim for an accounting fail to state claims upon which relief can be granted because they are remedies not causes of action.

### Seventh Defense

Plaintiff's second claim for a constructive trust and third claim for an

accounting fail to state claims upon which relief can be granted because they are preempted by the Copyright Act.

**WHEREFORE**, Defendants respectfully pray that judgment be entered in their favor and against Plaintiff as follows:

1. That Plaintiff's First Amended Complaint be dismissed in its entirety, with prejudice;

2. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff pursuant to 17 U.S.C. § 505 or other applicable law; and

3. That the Court grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 10, 2009

/S/ J. Pieter van Es
J. PIETER VAN ES, ESQ., STATE BAR NO. 250524
PVANES@BANNERWITCOFF.COM
BANNER & WITCOFF, LTD.
10 SOUTH WACKER DRIVE,, SUITE 3000
CHICAGO, IL 60606
TELEPHONE: (312) 463-5000
FACSIMILE: (312) 463-5001

ATTORNEYS FOR DEFENDANTS

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | **DEMAND FOR JURY TRIAL**                                            |
| 2  | Defendants demand a trial by jury on all issues so triable.          |
| 3  |                                                                      |
| 4  |                                                                      |
| 5  | Dated: August 10, 2009                /S/ J. Pieter van Es           |
| 6  |                                       J. PIETER VAN ES               |
|    |                                       ATTORNEYS FOR DEFENDANTS       |

## CERTIFICATE OF SERVICE

I hereby certify that today I filed the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which serves copies and sends notification of such filing to all counsel of record registered with the CM/ECF system, including Plaintiff's counsel.

Dated: August 10, 2009            /S/ J. Pieter van Es
                                  J. PIETER VAN ES
                                  ATTORNEYS FOR DEFENDANTS