J. Pieter van Es, Esq., State Bar No. 250524
PVANES@BANNERWITCOFF.COM
BANNER & WITCOFF, LTD.
10 South Wacker Drive,, Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ELVH, INC., | CASE NO. CV09-04219 CAS (FFMx) |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| NIKE, INC., ET AL., | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Defendants, NIKE, Inc. ("NIKE") and The Finish Line, Inc. ("TFL") (collectively, "Defendants"), respond to Plaintiff's Second Amended Complaint as follows:

### DEFENDANTS' ANSWER

### JURISDICTION AND VENUE

**Complaint ¶1**: Jurisdiction of the Court is invoked under 28 USC § 1338(a) as an action arising under Acts of Congress relating to copyrights and trademarks, namely, the Copyright Act of 1976, 17 USC § 101 et seq.  This Court has pendent jurisdiction over claims arising under state law pursuant to 28 USC § 1338(b) and 28 USC § 1367(a).

**Answer**: Defendants admit that, pursuant to 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Plaintiff's copyright claim, but Defendants deny

infringement of any valid copyrights in this case. Defendants deny that this Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1338(b) because Plaintiff has not asserted a claim of unfair competition. Defendants admit that, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any state law claims that are so related to Plaintiff's copyright claim that they form part of the same case or controversy, but Defendants deny that Plaintiff has asserted any such valid claims in this case.

**Complaint ¶2**: Venue is proper in the Central District of California pursuant to 28 USC §1391(b) and (c) as Defendants are corporations subject to personal jurisdiction in this District and are therefore deemed to reside here for purposes of venue.

**Answer:** Defendants do not contest venue in this District in this case.

## FACTS

**Complaint ¶3**: Plaintiff, ELVH, Inc., is a corporation organized and doing business under the laws of the state of California.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 and, therefore, they are denied.

**Complaint ¶4**: Plaintiff Edward Van Halen is an individual who resides in the State of California.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 and, therefore, they are denied.

**Complaint ¶5**: Defendant Nike, Inc. ("Nike") is a corporation organized under the laws of Oregon but doing business throughout the entire United States.

**Answer:** NIKE admits that NIKE, Inc. is a corporation organized under the laws of Oregon. NIKE admits that NIKE USA, Inc., a wholly-owned subsidiary of NIKE, Inc., does business in the United States. NIKE denies the remaining allegations of paragraph 5. TFL lacks information sufficient to form a belief as to

1 the truth or falsity of the allegations of Paragraph 5 and, therefore, they are denied.

2   **Complaint ¶6**: Defendant The Finish Line, Inc. ("TFL") is a corporation organized under the laws of Indiana but doing business throughout the entire United States.

**Answer:** TFL admits that The Finish Line, Inc. is a corporation organized under the laws of Indiana. TFL admits that The Finish Line, Inc. does business in the United States. TFL denies the remaining allegations of paragraph 6. NIKE lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 and, therefore, they are denied.

**Complaint ¶7**: Defendants sell and distribute athletic footwear and apparel throughout the entire United States.

**Answer:** Defendants admit that they sell and distribute athletic footwear and apparel in the United States. Defendants deny the remaining allegations of paragraph 7.

**Complaint ¶8**: ELVH is the owner of three copyright registrations: VAu505308, VAu544060, and VAu558125, true and correct copies of which are attached hereto as **Exhibits A-C**, respectively (collectively referred to as "Copyrighted Works").

**Answer:** Defendants admit that what appear to be copies of copyright registrations VAu505308, VAu544060, and VAu558125 are attached to Plaintiff's Second Amended Complaint as Exhibits A-C. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 8 and, therefore, they are denied.

**Complaint ¶9**: On January 1, 2009, ELVH entered into a license agreement in which it granted the exclusive rights to incorporate the Copyrighted Works onto footwear.

**Answer:** Defendants lack information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 9 and, therefore, they are denied.

**Complaint ¶10**: The band Van Halen was co-founded in the 1970's by guitarist Edward Lodewijk "Eddie" Van Halen ("Eddie Van Halen"), who has been called in the music industry "undoubtedly one of the most influential, original, and talented rock guitarists of the 20th century."

**Answer**: Defendants admit the existence of a band called Van Halen and a performer in that band by the name of Eddie Van Halen, and Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 and, therefore, they are denied.

**Complaint ¶ 11**: Eddie Van Halen's distinctive guitar playing and his exuberant live performances earned him a unique place in rock music. One of the things that makes Eddie Van Halen stand out is his fanciful artistic embellishments of his electric guitars. It was in 1978 when Eddie Van Halen first painted a guitar with black and white stripes in seemingly random criss-cross patterns over a red background. He would eventually give the guitar, and hence the style, the affectionate name "Frankenstein." (For examples, *See*, Exhibits A-C).

**Answer**: Defendants admit that the performer by the name Eddie Van Halen played guitar, and Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 and, therefore, they are denied.

**Complaint ¶ 12**: In the early 1980's, Eddie Van Halen started wearing shoes in his performances that had the same randomly crossing stripes of black and white on a red background. Such striped shoes became the signature part of his wardrobe and an integral part of his public persona.

**Answer**: Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and, therefore, they are denied.

**Complaint ¶ 13**: The original "Frankenstein" guitar – as well as its artistic progeny, the distinctively striped shoes – have been seen by millions of Van Halen

fans over a period of more than thirty years. They have appeared countless times on Van Halen album covers, on television, and in the movies. The distinctive black, red, and white stripes are instantly recognizable to millions of people as being created by, belonging to, and identifying, Eddie Van Halen.

**Answer**: Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 and, therefore, they are denied.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)
## (BY ELVH AGAINST NIKE AND TFL)

**Complaint ¶14**: Plaintiff ELVH re-alleges and incorporates by reference Paragraphs 1 through 13 of this Complaint.

**Answer:** Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 13 of this Answer.

**Complaint ¶15**: Plaintiff ELVH is the owner and proprietor of all right, title and interest in the Copyrighted Works.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 and, therefore, they are denied.

**Complaint ¶16**: The Copyrighted Works are comprised of wholly original material and have been deemed copyrightable subject matter under the copyright laws of the United States.

**Answer:** Defendants deny the allegations of Paragraph 16.

**Complaint ¶17**: With full knowledge of Plaintiff's rights therein, Nike has infringed and continues to infringe Plaintiff's Copyrighted Works by copying the Works onto footwear and then distributing and selling such infringing footwear throughout the United States, including through TFL's Finish Line retail stores. True and correct copies of photographs of the infringing footwear are attached hereto as **Exhibit D**. TFL has infringed and continues to infringe Plaintiff's

1  Copyrighted Works by distributing and selling such infringing footwear throughout
2  the United States.  Such copying, distribution, and sale by Defendants was done
3  without the consent, approval or license of Plaintiff.

4  **Answer:** Defendants admit that what appear to be copies of photographs of
5  NIKE footwear are attached to Plaintiff's Second Amended Complaint as Exhibit D.
6  Defendants admit that they do not have any consent, approval or license from
7  Plaintiff, but Defendants deny that any consent, approval or license from Plaintiff is
8  necessary because Defendants have not infringed Plaintiff's alleged Copyrighted
9  Works.  Defendants deny the remaining allegations of Paragraph 17.

10  **Complaint ¶18**: Defendants' acts identified above violate Plaintiff's
11  exclusive rights under §106 of the Copyright Act of 1976, 17 USC §106, and
12  constitute infringements of its Copyrighted Works.  Defendants' past and continuing
13  copying, distribution and sales of its infringing footwear constitutes a willful and
14  deliberate infringement of Plaintiff's rights and is causing irreparable harm and
15  damage to Plaintiff and its licensee.

16  **Answer:** Defendants deny the allegations of Paragraph 18.

### SECOND CLAIM FOR RELIEF
### (CONSTRUCTIVE TRUST)
### (BY ELVH AGAINST NIKE AND TFL)

20  **Complaint ¶19**: Plaintiff ELVH re-alleges and incorporates by Paragraphs 1
21  through 18 of this Complaint.

22  **Answer:** Defendants re-allege and incorporate by reference their answers to
23  the allegations of Paragraph 1 through 18 of this Answer.

24  **Complaint ¶20**: By virtue of their wrongful conduct, Defendants illegally
25  received money and profits that rightfully belonged to Plaintiff ELVH.

26  **Answer:** Defendants deny the allegations of Paragraph 20.

27  **Complaint ¶21**: Defendants are therefore involuntary trustees, holding the
28

gross receipts from their product sales and revenues to the extent attributable to the Copyrighted Works and therefore attributable to the infringement of Plaintiff's copyright therein. Defendants hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

**Answer:** Defendants deny the allegations of Paragraph 21.

**Complaint ¶22**: Plaintiff is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Plaintiff's Copyrighted Works.

**Answer:** Defendants deny the allegations of Paragraph 22.

## THIRD CLAIM FOR RELIEF
## (FOR AN ACCOUNTING)
## (BY ELVH AGAINST NIKE AND TFL)

**Complaint ¶23**: Plaintiff ELVH re-alleges and incorporates by reference Paragraphs 1 through 18 of this Complaint.

**Answer:** Defendants re-allege and incorporate by reference their answers to the allegations of Paragraph 1 through 18 of this Answer.

**Complaint ¶24**: Under 17 U.S.C. Section 504, Plaintiff ELVH may recover any and all profits of Defendants that are attributable to its acts of infringement.

**Answer:** Defendants admit that 17 U.S.C. § 504(b) provides that a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Defendants deny any infringement of Plaintiff's alleged Copyrighted Works, and Defendants deny that Plaintiff is entitled to recover any profits of Defendants in this case. Defendants deny the remaining allegations of Paragraph 24.

**Complaint ¶25**: A balance is due from Defendants to Plaintiff for

misappropriation of profits and gross receipts arising from or attributable to Defendants' copying, exploitation, and use of the Copyrighted Works on footwear and consequent violation and infringement of Plaintiff's copyright in the Copyrighted Works.

**Answer:** Defendants deny the allegations of Paragraph 25.

**Complaint ¶26**: The exact amount of money due from Defendants is unknown to Plaintiff and can only be ascertained through an accounting. Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

**Answer:** Defendants deny that they owe Plaintiff any money. Defendants deny that Plaintiff is entitled to an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest. Defendants deny the remaining allegations of Paragraph 26.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF STATUTORY RIGHT OF PUBLICITY – CAL. CIVIL CODE § 3344)
### (BY EDDIE VAN HALEN AGAINST NIKE AND TFL)

**Complaint ¶27**: Plaintiff Eddie Van Halen re-alleges and incorporates by reference Paragraphs 1 through 13 of this Complaint.

**Answer**: Defendants re-allege and incorporate by reference their answers to the allegations of Paragraph 1 through 13 of this Complaint.

**Complaint ¶28**: Defendants are and at all relevant times have been knowingly using Eddie Van Halen's likeness for their commercial advantage on and in connection with the infringing footwear, without permission or consent from Plaintiff. There is a direct connection between Defendants' unauthorized use of

Eddie Van Halen's likeness and Defendants' commercial purpose in selling the infringing footwear.

**Answer**: Defendants admit that they do not have any permission or consent from Plaintiff, but Defendants deny that any permission or consent from Plaintiff is necessary because Defendants have not used Eddie Van Halen's likeness. Defendants deny the remaining allegations of Paragraph 28.

**Complaint ¶29**: As a result, of Defendants' actions, as described above, Defendants have violated Eddie Van Halen's statutory right of publicity in his likeness as set forth in California Civil Code §3344.

**Answer**: Defendants deny the allegations of Paragraph 29.

**Complaint ¶30**: Plaintiff Eddie Van Halen has been damaged and will continue to be damaged by Defendants' unauthorized use of his likeness in an amount according to proof.

**Answer**: Defendants deny the allegations of Paragraph 30.

**Complaint ¶31**: Defendants' acts were deliberate, fraudulent, malicious and/or willful.

**Answer**: Defendants deny the allegations of Paragraph 31.

**Complaint ¶32**: Plaintiff is therefore entitled to an award of (1) any damages sustained by Plaintiff as a result of Defendants' unauthorized use of Eddie Van Halen's likeness; (2) the greater of seven hundred fifty dollars ($750) or the actual damages suffered as a result of Defendants' unauthorized use of Eddie Van Halen's likeness, (3) any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages, (4) punitive damages, and (5) attorneys' fees and costs.

**Answer**: Defendants deny the allegations of Paragraph 32.

### FIFTH CLAIM FOR RELIEF
### (COMMON LAW VIOLATION OF THE RIGHT OF PUBLICITY)

**(BY EDDIE VAN HALEN AGAINST NIKE AND TFL)**

**Complaint ¶33**: Plaintiff Eddie Van Halen re-alleges and incorporates by reference as if set forth in full herein the allegations of Paragraph 1 through 13 and 28 through 32 of this Complaint.

**Answer**: Defendants re-allege and incorporate by reference as if set forth in full herein their answers to the allegations of Paragraph 1 through 13 and 28 through 32 of this Answer.

**Complaint ¶34**: By using Eddie Van Halen's identity and likeness on and in connection with the infringing footwear, without authority or permission from Plaintiff, Defendants are and have been improperly trading on Eddie Van Halen's fame, recognition, and goodwill in order to sell their footwear in violation of Plaintiff's common law rights of publicity. Defendants have appropriated Eddie Van Halen's identity and likeness for their benefit and commercial advantage, without permission or consent from Plaintiff, and without compensating Plaintiffs for such use.

**Answer**: Defendants admit that they do not have any authority, permission, or consent from Plaintiff, but Defendants deny that any authority, permission, or consent from Plaintiff is necessary because Defendants have not used Eddie Van Halen's identity and likeness. Defendants admit that they have not compensated Plaintiffs, but Defendants deny that compensation is necessary because Defendants have not used Eddie Van Halen's identity and likeness. Defendants deny the remaining allegations of Paragraph 34.

**Complaint ¶35**: As a result, of Defendants' actions, as described above, Defendants have misappropriated Eddie Van Halen's common law right of publicity.

**Answer**: Defendants deny the allegations of Paragraph 35.

**Complaint ¶36**: Plaintiff Eddie Van Halen has been damaged by

Defendants' misappropriation of his common law rights of publicity in an amount according to proof at the time of trial

**Answer**: Defendants deny the allegations of Paragraph 36.

**Complaint ¶37**: Defendants' acts were deliberate, fraudulent, malicious and/or willful.

**Answer**: Defendants deny the allegations of Paragraph 37.

**Complaint ¶38**: Plaintiff is therefore entitled to recover his actual damages, as well as any of Defendants' profits from the unauthorized use of his identity and likeness, punitive damages in connection therewith, and attorneys' fees and costs.

**Answer**: Defendants deny the allegations of Paragraph 38.

## Prayer for Relief

Defendants deny that Plaintiffs are entitled to any of the relief Plaintiffs request in their prayer for relief.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By alleging the separate and additional defenses set forth below, Defendants are not in anyway agreeing or conceding that Defendants have the burden of proof or the burden of persuasion on any of these issues. Defendants also reserve the right to amend their defenses to assert additional defenses that may be revealed during discovery.

## First Defense

Defendants have not, and do not, infringe Plaintiff's alleged Copyrighted Works.

## Second Defense

Plaintiff's alleged Copyrighted Works are invalid.

## Third Defense

Defendants independently, and in good faith, created the footwear accused of infringement in this case.

### Fourth Defense

Without admitting any liability, Defendants were not aware and had no reason to believe that their acts constituted an infringement of Plaintiffs' alleged Copyrighted Works.

### Fifth Defense

Without admitting any liability, to the extent Defendants are found to have used any alleged copyrighted material owned by Plaintiff, the alleged use is *de minimis*.

### Sixth Defense

Plaintiff's second claim for a constructive trust and third claim for an accounting fail to state claims upon which relief can be granted because they are remedies not causes of action.

### Seventh Defense

Plaintiff's second claim for a constructive trust, third claim for an accounting and fourth and fifth claims for rights of publicity fail to state claims upon which relief can be granted because they are preempted by the Copyright Act.

**WHEREFORE**, Defendants respectfully pray that judgment be entered in their favor and against Plaintiff as follows:

1. That Plaintiffs' Second Amended Complaint be dismissed in its entirety, with prejudice;

2. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff pursuant to 17 U.S.C. § 505 or other applicable law; and

3. That the Court grant Defendants such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | | Respectfully submitted, |
| 3 | | |
| 4 | Dated: December 18, 2009 | /S/ /J. Pieter van Es/ |
| 5 | | J. PIETER VAN ES, ESQ., STATE BAR NO. 250524 |
| | | PVANES@BANNERWITCOFF.COM |
| 6 | | BANNER & WITCOFF, LTD. |
| | | 10 SOUTH WACKER DRIVE,, SUITE 3000 |
| 7 | | CHICAGO, IL 60606 |
| | | TELEPHONE: (312) 463-5000 |
| 8 | | FACSIMILE: (312) 463-5001 |
| 9 | | ATTORNEYS FOR DEFENDANTS |

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

Dated: December 18, 2009          /S/ /J. Pieter van Es/
                                  J. PIETER VAN ES
                                  ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that today I filed the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which serves copies and sends notification of such filing to all counsel of record registered with the CM/ECF system, including Plaintiff's counsel.

Dated: December 18, 2009        /S/ /J. Pieter van Es/
                                J. PIETER VAN ES
                                ATTORNEYS FOR DEFENDANTS